UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HALEY C. MILLER | CIVIL ACTION NO. 15-1795 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| THRESHOLD BM, L.P. AND WESTDALE ASSET MANAGEMENT, LTD. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court are cross Motions for Summary Judgment. See Record Documents 10 & 12. The first motion was filed by Defendants, Threshold BM, L.P. and Westdale Asset Management, Ltd. See Record Document 10. Defendants seek dismissal on the grounds that the criminal act in question in this case was not reasonably foreseeable. See id. The second motion was filed by Plaintiff, Haley C. Miller ("Miller"), and seeks judgment against Defendants, arguing they were innkeepers who owed a higher duty of care. See Record Document 12. Both motions are opposed. See Record Documents 14 & 15.[1] For the reasons set forth below, Defendants' Motion for Summary Judgment is **GRANTED** and Miller's Motion for Summary Judgment is **DENIED**. All of Miller's claims against Defendants are **DISMISSED WITH PREJUDICE**.

---

[1]Defendants filed their Motion for Summary Judgment on December 16, 2015. See Record Document 10. The Clerk of Court issued a Notice of Motion Setting on December 18, 2015, providing:

> Any party who opposes the motion may file a memorandum in opposition within fourteen (14) calendar days from the date of this notice.

Record Document 11. Taking into account the New Year's Day legal holiday, Miller's opposition was due on January 4, 2016. She did not file her opposition until March 3, 2016. While untimely, this Court will consider Miller's opposition.

## BACKGROUND

Defendants owned and operated Castlewood Apartments located at 2045 Bert Kouns, Shreveport, Louisiana, 71118. See Record Document 1-2. On June 8, 2013, Miller alleges that she was sexually assaulted by an unknown assailant while she was an invited guest of her brother and sister-in-law, who were tenants at Defendants' apartment complex. See Record Document 10-2 at ¶ 1.[2] Specifically, Miller alleges that, around midnight, an unknown black male approached her while she was sitting outside her brother and sister-in-law's apartment, pointed a gun at her, walked her to the backside of the apartment building, and ordered her to perform oral sex on him. See id. at ¶ 2. She reported the sexual assault to the Shreveport Police Department and an investigation ensued. See id. at ¶ 3. To date, no one has been arrested for the crime.

Miller is unaware of any other acts of physical criminal violence that occurred at Defendants' apartment complex prior to the sexual assault at issue in this litigation. See id. at ¶ 4. Moreover, prior to Miller's reported sexual assault, Defendants had no knowledge of any other acts of physical criminal violence occurring at the Castlewood Apartments. See id. at ¶ 5. Defendants had never received any report of sexual assault occurring at said apartment complex. See id.

---

[2]Defendants filed a Statement of Undisputed Facts. See Record Document 10-2. While Miller responded, she did not controvert any of the facts set forth by Defendant, as is required under Federal Rule of Civil Procedure 56(c)(1) and Local Rule 56.2. See Record Document 15-1. Thus, for purposes of the background section of the instant ruling, the Court will rely upon Defendants' Statement of Undisputed Facts.

## LAW AND ANALYSIS

**I.	Summary Judgment Standard.**

Rule 56(a) provides, in pertinent part:

Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

F.R.C.P. 56(a) (emphasis added); see also Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010).[3]  "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Quality Infusion Care, Inc., 628 F.3d at 728.  "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004).

If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004).  Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted.  See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005).

---

[3]The Court notes that amended Rule 56 requires that there be "no genuine dispute as to any material fact," but this change does not alter the Court's analysis.  F.R.C.P. 56(a) and Advisory Committee Notes.

**II.     Analysis.**

   **A.     Miller's Motion for Summary Judgment (Record Document 12).**

In her motion, Miller argues that Defendants "owed a duty of care higher than ordinary or reasonable care," as innkeepers "must take reasonable and necessary preventive measures to minimize the predictable risks of criminal assaults to [their] guests within [their] sphere of control." Record Document 12-1 at 4. As a matter of law, this argument fails because Defendants are not innkeepers and Miller is not a traveler under the Louisiana Civil Code. Article 3232 provides that "[t]hose are called innkeepers, who keep a tavern or hotel, and make a business of lodging travelers." Article 3235 defines travelers as "strangers and such as being transiently in a place where they have no domicile, take their board and lodging at an inn." Moreover, case law recognizes that the landlord-tenant relationship is not the same as the traveler-innkeeper relationship. See Walling v. Peavy-Wilson Lumber Co., 49 F.Supp. 846, 858 (W.D. La. 1943) ("The principal distinction between the two relations (lodginghouse keeper and lodger, and landlord and tenant) is that the tenant acquires an interest in the real estate and has the exclusive possession of the leased premises, while the lodger acquires no estate and has merely the use without the actual or exclusive possession."). Miller's legal contention that Defendants owed a duty of care higher than ordinary or reasonable care because they were innkeepers is without merit.

Miller also moves for summary judgment on the ground that Defendants breached their duty of care by failing to provide adequate security at the time of the incident and/or misrepresenting the level of security. See Record Document 12 at 1; Record Document 12-1 at 4. Specifically, Miller contends:

> When the lessees initially considered Castlewood Apartments as their residence they reasonably relied upon representations made by the manager that the security of Castlewood Apartments was maintained by security personnel who resided upon the premises.

Record Document 12-2 at 1. Miller further argues that summary judgment is appropriate because Defendants further breached their duty of care by failing to provide adequate lighting upon the premises. See Record Document 12 at 1; Record Document 12-1 at 3-4. Summary judgment on these bases likewise fails, as the plain language of the Lease defeats Miller's arguments. The Lease Agreement entered into by Miller's mother clearly provides that all tenants and their guests are responsible for their own safety and security, and further, that Defendants do not provide or warrant security. See Record Document 14-2 at 5 (¶ 24) and 7 (¶36). Specifically, the Lease Agreement provides:

> We're not obliged to furnish security personnel, security lighting, security gates or fences, or other forms of security unless required by statute.

Id. at 5 (¶ 24). Moreover, the Lease Agreement states that the tenant acknowledges that no oral promises or representations were made that in any way change or amend the written terms of the Lease Agreement. See id. at 6 (¶ 33) ("Our representatives . . . have no authority to make promises, representations, or agreements that impose security duties or other obligations on us or our representatives unless in writing."). Thus, the duties of additional security and/or more adequate lighting were not owed under the clear terms of the Lease Agreement. The Motion for Summary Judgment filed by Miller is, therefore, **DENIED**.

    B.    **Defendants' Motion for Summary Judgment (Record Document 10).**

The key issue presented in Defendants' motion is whether they owed Miller a duty to protect her from the criminal acts of the unknown assailant. The controlling case on this issue is Posecai v. Wal-Mart Stores, Inc., 99-1222 (La. 11/30/99), 752 So. 2d 762. In Posecai, the Louisiana Supreme Court considered whether the defendant, Sam's Wholesale Club, owed a duty to protect the plaintiff from the criminal acts of third parties. See id. at 765. The Posecai court employed a duty-risk analysis and ultimately joined other states "in adopting the rule that although business owners are not the insurers of their patrons' safety, they do have a duty to implement reasonable measures to protect their patrons from criminal acts when those acts are foreseeable." Id. at 766. The Louisiana Supreme Court "emphasize[d], however, that there is generally no duty to protect others from the criminal activities of third persons." Id. The "duty only arises under limited circumstances, when the criminal act in question was reasonably foreseeable to the owner of the business." Thus, "determining when a crime is foreseeable is . . . a critical inquiry." Id.

The Posecai court adopted a balancing test to be used in deciding whether a business owed a duty of care to protect its customers from the criminal acts of third parties: "The foreseeability of the crime risk on the defendant's property and the gravity of the risk determine the existence and the extent of the defendant's duty. The greater the foreseeability and gravity of the harm, the greater the duty of care that will be imposed on the business." Id. at 768. The plaintiff bears the burden of establishing the duty the defendant owed under the circumstances. See id. "The most important factor to be considered is the existence, frequency and similarity of prior incidents of crime on the premises, but the location, nature and condition of the property should also be taken into

account." Id.

In Ponceti v. First Lake Properties, Inc., 2011-2711 (La. 7/2/12), 93 So. 3d 1251, the Louisiana Supreme Court applied its Posecai holding in connection with an apartment complex resident being injured from a person negligently riding a bicycle on the sidewalks of the complex. The court held that the apartment complex owed no legal duty to protect the plaintiff against the injury caused by a third party, noting the apartment complex had received no complaints about individuals riding bicycles in the courtyard; no prior injuries were reported as a result of bicycles in the courtyard area; the plaintiff admitted that she had never seen anyone riding bicycles in the courtyard area before her daughter's injury, and the plaintiff had never reported any concerns to management about individuals riding bicycles on the sidewalks. See id. at 1253. Under those facts and circumstances, the Louisiana Supreme Court held that the "plaintiff failed to establish the existence of any similar incidents involving injuries resulting from individuals riding bicycles on the sidewalks of the apartment complex" and concluded that the defendant apartment complex owed no legal duty to the plaintiff. Id.

Here, Miller has failed to present any evidence of the existence of similar acts of criminal violence occurring at the Castlewood Apartments. She has come forward with no evidence to demonstrate that the crime committed against her was reasonably foreseeable. Conversely, Defendants have presented the affidavit of Dawn Farnell ("Farnell"), the Community Manager of the Castlewood Apartments. See Record Document 10-5. Farnell attested as to the following: prior to June 9, 2013, there had been no reports of sexual assault and no reports of criminally violent acts of bodily injury occurring at Castlewood Apartments. See id. at ¶¶ 8-9. Miller has failed to meet her burden of establishing the duty

Defendants owed her under the circumstances, namely because she has presented no evidence as to the existence, frequency and similarity of prior incidents of crime on the premises.  See Posecai, 752 So. 2d at 768;  Ponceti, 93 So. 3d at 1253.  Miller's claims fail as a matter of law and Defendants' Motion for Summary Judgment is **GRANTED**.

## CONCLUSION

The Court finds that Miller has failed to meet her burden of establishing that Defendants owed her any duty to protect against the criminal act at issue in this case. Accordingly, the Motion for Summary Judgment (Record Document 12) filed by Miller is **DENIED** and the Motion for Summary Judgment (Record Document 10) filed by Defendants is **GRANTED**.  All of Miller's claims against Defendants are **DISMISSED WITH PREJUDICE**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 20th day of June, 2016.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE